**FITAPELLI & SCHAFFER, LLP**
Joseph A. Fitapelli
Brian S. Schaffer
Armando A. Ortiz
28 Liberty Street, 30th Floor
New York, NY 10005
Telephone: (212) 300-0375

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **EDWIN SUAREZ, CARLOS RIVAS, ESTER JIRON, and DRISS SENE, individually and on behalf of all others similarly situated;** | |
| **Plaintiffs,** | **No: 1:16-cv-5464** |
| **-against-** | |
| **ROSA MEXICANO BRANDS INC.; WEST 62 OPERATING LLC; ROSA MEXICANO USQ LLC; FENIX REST. INC.; ROSA MEXICANO MURRAY LLC; ROSA MEXICANO BOSTON, LLC; ROSA MEXICANO RIVERSIDE LLC; ROSA MEXICANO DC LLC; ROSA MEXICANO CHEVY CHASE MARYLAND LLC; ROSA MEXICANO NATIONAL HARBOR LLC; ROSA MEXICANO ATLANTA LLC; ROSA MEXICANO MIAMI LLC; and ROSA MEXICANO SOUTH BEACH LLC;** | **CLASS ACTION COMPLAINT** |
| **Defendants.** | |

Plaintiffs Edwin Suarez, Carlos Rivas, Ester Jiron, and Driss Sene, individually and on behalf of all others similarly situated, as class representatives, upon personal knowledge as to themselves, and upon information and belief as to other matters, allege as follows:

1.   This lawsuit seeks to recover minimum wages, overtime pay, call-in pay, and other wages for Plaintiffs and their similarly situated co-workers – servers, bussers, bartenders, food runners, barbacks and other "tipped workers" – who work or have worked at Rosa

1

Mexicano restaurants nationwide (collectively "Rosa Mexicano" or "Defendants").[1]

2.      Rosa Mexicano opened its first location in New York City in 1984.  Voted a "breakout brand" in 2013 by Nation's Restaurant News,[2] Rosa Mexicano has transformed itself into a nationwide restaurant chain coupling upscale Mexican-inspired dishes, including its signature tableside preparation of fresh guacamole, with dynamic décor across 14 present locations in the United States and international locations in Dubai, UAE; San Juan, Puerto Rico; and a former location in Panama.

3.      Rosa Mexicano has been featured in various print and online media, such as the annual Zagat Survey of New York Restaurants, the Michelin New York City restaurant guide, and the Frommer's travel guide for New York.[3]

4.      Defendant Rosa Mexicano Brands, Inc. owns and operates the Rosa Mexicano chain throughout the United States and abroad.[4]  As the parent company, Rosa Mexicano Brands, Inc. is the exclusive owner of the Rosa Mexicano trademark and has admitted in past litigation that it "has been in the business of marketing, promoting and selling restaurant and bar services under its famous ROSA MEXICANO name and mark in the United States since 1984."[5]

5.      Relevant to this action, Defendants own and jointly operate Rosa Mexicano restaurants located at: 61 Columbus Ave at 62nd Street, New York, New York 10023 ("Lincoln Center Rosa Mexicano"); 9 East 18th Street, New York, New York 10003 ("Union Square Rosa Mexicano"); 1063 1st Avenue at 58th Street, New York, New York 10022 ("First Avenue Rosa Mexicano"); 41 Murray Street, New York, New York 10007 ("TriBeCa Rosa Mexicano"); 155

---

[1] This action excludes the Rosa Mexicano restaurants located in the states of California and Minnesota.
[2] See Paul Frumkin, Breakout Brands:  Rosa Mexicano, available at http://nrn.com/nrn-50/breakout-brands-rosa-mexicano (last accessed July 6, 2016).
[3] Rosa Mexicano Brands, Inc. v. <rosamexicanopuntademita.com> et al., No: 1:14-cv-00003 (LO) (TCB), ECF #1 ¶ 14 (E.D. Va Jan. 3, 2014).
[4] Id. ¶ 9.
[5] Id. ¶8.

Seaport Boulevard, Boston, Massachusetts 02210 ("Boston Rosa Mexicano"); 60 Riverside Square Mall, Hackensack, New Jersey 07601 ("New Jersey Rosa Mexicano"); 575 7th Street at F Street NW, Washington, D.C. 20004 ("Washington D.C. Rosa Mexicano"); 5225 Wisconsin Avenue NW, Washington, DC 20015 ("Chevy Chase Rosa Mexicano"); 153 Waterfront Street, National Harbor, Maryland 20745 ("National Harbor Rosa Mexicano"); 245 18th Street NW, Atlanta, Georgia 30363 ("Atlanta Rosa Mexicano"); 900 South Miami Avenue, Miami, Florida 33130 ("Miami Rosa Mexicano"); and 1111 Lincoln Road, Miami Beach, Florida 33139 ("South Beach Rosa Mexicano").

6.      Defendants have been part of a single integrated enterprise that has jointly employed Plaintiffs and other tipped workers throughout the Rosa Mexicano restaurants nationwide.  Defendants have maintained control, oversight, and direction over Plaintiffs and similarly situated employees, including the ability to hire, fire, and discipline them.

7.      The Rosa Mexicano restaurants are linked together through a centralized website - www.rosamexicano.com - which provides links to all Rosa Mexicano locations.  The centralized website also allows its users to access menus, book reservations at any of the restaurants, order food items online, and apply for employment.

8.      At all times relevant, Defendants paid Plaintiffs and others similarly situated tipped workers at the "tipped" minimum wage rate.

9.      Defendants, however, have not satisfied the strict requirements under the FLSA, NYLL, and MA Wage Laws that would allow them to pay tipped workers this reduced minimum wage (i.e. - take a "tip credit").

10.      Defendants failed to notify Plaintiffs and similarly situated tipped workers of the tip credit provisions of the FLSA, or of their intent to apply a tip credit to their wages.

3

11.     Defendants failed to notify Plaintiffs Suarez, Rivas, and Jiron and similarly situated tipped workers in writing of the tip credit provisions of the NYLL, or of their intent to apply a tip credit to their wages.

12.     Defendants failed to notify Plaintiff Sene and similarly situated tipped workers of the tip credit provisions of the MA Wage Laws, or of their intent to apply a tip credit to their wages.

13.     Defendants also maintained a policy and practice requiring Plaintiffs and similarly situated tipped workers to engage in a tip distribution scheme wherein they must share a daily portion of their total tips with individuals employed as "floaters."

14.     Individuals employed as floaters are responsible for polishing silverware, polishing plate and glass ware, rolling silverware, transporting dirty dishes from service stations to the dishwashing area, transporting clean dishes from the dishwasher area to service stations, cleaning the dishwasher area, cleaning dirty dish service stations, cleaning the bathrooms, cleaning cabinets, vacuuming the floors, cleaning the restaurant's office, throwing out the garbage, and taking dirty linens to the restaurants' laundry room.  Floaters have virtually no customer interaction, do not take orders from customers, do not bus customers' plates or glasses, and do not set tables for customers.  In addition, floaters primarily remain in either the kitchen or at their floater service stations away from customer view to perform their duties.

15.     As a result, floaters at Rosa Mexicano are not entitled to share tips under the FLSA, NYLL, or the MA Wage Laws.

16.     Rosa Mexicano also maintained a policy and practice whereby it applied automatic gratuity to large parties at its restaurants.

17.     Despite this policy and practice, Rosa Mexicano failed to take this automatic

4

gratuity into account when calculating tipped workers' overtime rates of pay.

18.     Defendants also maintained a policy and practice whereby tipped workers in New York were not properly compensated "call-in pay" as required by the NYLL.

19.     Plaintiffs Edwin Suarez ("Suarez"), Carlos Rivas ("Rivas"), Ester Jiron ("Jiron"), and Driss Sene ("Sene") bring this action on behalf of themselves and similarly situated current and former tipped workers who elect to opt in to this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy violations of the wage-and-hour provisions of the FLSA by Defendants that have deprived Plaintiffs and others similarly situated of their lawfully earned wages.

20.     Plaintiffs Suarez, Rivas, and Jiron (hereinafter, the "NY Plaintiffs") also bring this action on behalf of themselves and similarly situated current and former tipped workers in New York pursuant to Federal Rule of Civil Procedure 23 ("Rule 23") to remedy violations of the New York Labor Law ("NYLL") and the supporting New York State Department of Labor Regulations.

21.     Plaintiff Sene (the "MA Plaintiff") also brings this action on behalf of himself and similarly situated current and former tipped workers in Massachusetts pursuant to Rule 23 to remedy violations of the Massachusetts Wage Laws ("MA Wage Laws") and the supporting Massachusetts Department of Labor standards.

## THE PARTIES

### Plaintiffs

#### Edwin Suarez

22.     Suarez is an adult individual who is a resident of Flushing, New York.

23.     Suarez was employed by Defendants as a busser and food runner at the Lincoln Center Rosa Mexicano from in or around May 2014 through June 2015.

24.     Suarez is a covered employee within the meaning of the FLSA and the NYLL.

25.     A written consent form for Suarez is being filed with this Class Action Complaint.

**Carlos Rivas**

26.     Rivas is an adult individual who is currently a resident of Cobb County, Georgia. While employed at Rosa Mexicano, Rivas was a resident of Hudson County, New Jersey.

27.     Rivas was employed by Defendants as a busser at the Lincoln Center Rosa Mexicano from in or around June 2011 through approximately June 2016.

28.     Rivas is a covered employee within the meaning of the FLSA and the NYLL.

29.     A written consent form for Rivas is being filed with this Class Action Complaint.

**Ester Jiron**

30.     Jiron is an adult individual who is currently a resident of Los Angeles County, California.  While employed at Rosa Mexicano, Jiron was a resident of New York, New York.

31.     Jiron was employed by Defendants as a cocktail server and server at the Lincoln Center Rosa Mexicano from in or around April 2014 through June 2015.

32.     Jiron is a covered employee within the meaning of the FLSA and the NYLL.

33.     A written consent form for Jiron is being filed with this Class Action Complaint.

**Driss Sene**

34.     Sene is an adult individual who is currently a resident of Norfolk County, Massachusetts.

35.     Sene was employed by Defendants as a server at the Boston Rosa Mexicano from approximately May 2012 through April 2014.

6

36.     Sene is a covered employee within the meaning of the FLSA and the MA Wage Laws.

37.     A written consent form for Sene is being filed with this Class Action Complaint.

**Defendants**

38.      Defendants have jointly employed Plaintiffs and similarly situated employees at all times relevant.

39.     Each Defendant had substantial control over Plaintiffs' working conditions, and over the unlawful policies and practices alleged herein.

40.     Defendants were part of a single integrated enterprise that jointly employed Plaintiffs and similarly situated employees at all times relevant.

41.     Defendants' operations were interrelated and unified.

42.     During all relevant times, Rosa Mexicano shared a common management and was centrally controlled and/or owned by Defendants.

43.     During all relevant times, Defendants have been Plaintiffs' and similarly situated tipped workers' employers within the meaning of the FLSA, NYLL, and the MA Wage Laws.

**Rosa Mexicano Brands, Inc.**

44.     Together with the other Defendants, Rosa Mexicano Brands, Inc. ("Rosa Mexicano Brands") owned and/or operated the Rosa Mexicano restaurants during the relevant time period.

45.     Rosa Mexicano Brands is a domestic for-profit corporation existing under the laws of New York.  Its principal place of business is 846 7th Avenue, 4th Floor, New York, New York 10019.

46.     At all times relevant, Rosa Mexicano Brands has owned and done business under

the ROSA MEXICANO Trademark, and is the parent corporation owning and operating all related Rosa Mexicano corporations since 1984.

47.     Rosa Mexicano Brands owns and operated the central Rosa Mexicano website – www.rosamexicano.com – and uses this website to advertise and promote its domestic and international locations.

48.     At all relevant times, Rosa Mexicano Brands has maintained control, oversight, and direction over Plaintiffs and similarly situated employees, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, and other employment practices.

49.     Rosa Mexicano Brands applies the same employment policies, practices, and procedures to all tipped workers throughout its Rosa Mexicano restaurants, including policies, practices, and procedures with respect to payment of minimum wage and tips.

50.     Upon information and belief, at all relevant times Rosa Mexicano Brands has an annual gross volume of sales in excess of $500,000.

**West 62 Operating LLC**

51.     Together with the other Defendants, West 62 Operating LLC ("West 62 Operating") owned and/or operated the Rosa Mexicano restaurants during the relevant period.

52.     West 62 Operating is a domestic limited liability company organized and existing under the laws of New York.  Its principal place of business is located at 846 7th Avenue, 4th Floor, New York, New York 10019.

53.     At all times relevant, West 62 Operating has done business as the Lincoln Center Rosa Mexicano located at 61 Columbus Ave. at 62nd Street, New York, New York 10023.

54.     West 62 Operating is the premises name listed for the Lincoln Center Rosa Mexicano under the New York State Liquor License Authority.

55.     At all relevant times, West 62 Operating has maintained control, oversight, and direction over Plaintiffs and similarly situated employees, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, and other employment practices.

56.     West 62 Operating applies the same employment policies, practices, and procedures to all tipped workers at the Lincoln Center Rosa Mexicano as applied in other Rosa Mexicano locations, including policies, practices, and procedures with respect to payment of minimum wage and tips.

57.     Upon information and belief, at all relevant times West 62 Operating has an annual gross volume of sales in excess of $500,000.

**Rosa Mexicano USQ LLC**

58.      Together with the other Defendants, Rosa Mexicano USQ LLC ("Rosa Mexicano USQ") owned and/or operated the Rosa Mexicano restaurants during the relevant period.

59.     Rosa Mexicano USQ is a foreign limited liability company organized and existing under the laws of Delaware conducting business in New York.  Its principal place of business is located at 846 7th Avenue, 4th Floor, New York, New York 10019.

60.     At all times relevant, Rosa Mexicano USQ has done business as the Union Square Rosa Mexicano located at 9 East 18th Street, New York, New York 10003.

61.     Rosa Mexicano USQ is the premises name listed for the Union Square Rosa Mexicano under the New York State Liquor License Authority.

62.     At all relevant times, Rosa Mexicano USQ has maintained control, oversight, and direction over Plaintiffs and similarly situated employees, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, and other employment practices.

63.     Rosa Mexicano USQ applies the same employment policies, practices, and

procedures to all tipped workers at the Union Square Rosa Mexicano as applied in its other Rosa Mexicano locations, including policies, practices, and procedures with respect to payment of minimum wage and tips.

64.     Upon information and belief, at all relevant times Rosa Mexicano USQ has an annual gross volume of sales in excess of $500,000.

**Fenix Rest. Inc.**

65.     Together with the other Defendants, Fenix Rest. Inc. ("Fenix Rest.") owned and/or operated the Rosa Mexicano restaurants during the relevant period.

66.      Fenix Rest. is a domestic for-profit corporation organized and existing under the laws of New York.  Its principal place of business is located at 846 7th Avenue, 4th Floor, New York, New York 10019.

67.     At all times relevant, Fenix Rest. has done business as the First Avenue Rosa Mexicano located at 1063 1st Avenue at 58th Street, New York, New York 10022.

68.     Fenix Rest. is the premises name listed for the First Avenue Rosa Mexicano under the New York State Liquor License Authority.

69.     At all relevant times, Fenix Rest. has maintained control, oversight, and direction over Plaintiffs and similarly situated employees, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, and other employment practices.

70.     Fenix Rest. applies the same employment policies, practices, and procedures to all tipped workers at the First Avenue Rosa Mexicano as applied in other Rosa Mexicano locations, including policies, practices, and procedures with respect to payment of minimum wage and tips.

71.     Upon information and belief, at all relevant times Fenix Rest. has an annual gross volume of sales in excess of $500,000.

**Rosa Mexicano Murray LLC**

72.     Together with the other Defendants, Rosa Mexicano Murray LLC ("Rosa Mexicano Murray") owned and/or operated the Rosa Mexicano restaurants during the relevant period.

73.     Rosa Mexicano Murray is a domestic limited liability company organized and existing under the laws of New York.  Its principal place of business is located at 846 7th Avenue, 4th Floor, New York, New York 10019.

74.     At all times relevant, Rosa Mexicano Murray has done business as the TriBeCa Rosa Mexicano located at 41 Murray Street, New York, New York 10007.

75.     Rosa Mexicano Murray is the premises name listed for the TriBeCa Rosa Mexicano under the New York State Liquor License Authority.

76.     At all relevant times, Rosa Mexicano Murray has maintained control, oversight, and direction over Plaintiffs and similarly situated employees, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, and other employment practices.

77.     Rosa Mexicano Murray applies the same employment policies, practices, and procedures to all tipped workers at the TriBeCa Rosa Mexicano as applied in other Rosa Mexicano locations, including policies, practices, and procedures with respect to payment of minimum wage and tips.

78.     Upon information and belief, at all relevant times Rosa Mexicano Murray has an annual gross volume of sales in excess of $500,000.

**Rosa Mexicano Boston, LLC**

79.     Together with the other Defendants, Rosa Mexicano Boston, LLC ("Rosa Mexicano Boston") owned and/or operated the Rosa Mexicano restaurants during the relevant

period.

80.     Rosa Mexicano Boston is a Delaware limited liability company conducting business in Massachusetts.

81.     Rosa Mexicano Boston's principal executive office is listed in its corporate filings as 846 7th Avenue, 4th Floor, New York, New York 10019.  In addition, Plaintiff Sene received pay stubs that listed 846 7th Avenue, 4th Floor, New York, New York 10019 as Rosa Mexicano Boston's corporate address.

82.     At all times relevant, Rosa Mexicano Boston has done business as the Boston Rosa Mexicano located at 155 Seaport Boulevard, Boston, Massachusetts 02210.

83.     At all relevant times, Rosa Mexicano Boston has maintained control, oversight, and direction over Plaintiffs and similarly situated employees, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, and other employment practices.

84.     Rosa Mexicano Boston applies the same employment policies, practices, and procedures to all tipped workers at the Boston Rosa Mexicano as applied in other Rosa Mexicano locations, including policies, practices, and procedures with respect to payment of minimum wage and tips.

85.     Upon information and belief, at all relevant times Rosa Mexicano Boston has an annual gross volume of sales in excess of $500,000.

**Rosa Mexicano Riverside LLC**

86.     Together with the other Defendants, Rosa Mexicano Riverside, LLC ("Rosa Mexicano Riverside") owned and/or operated the Rosa Mexicano restaurants during the relevant period.

87.     Rosa Mexicano Riverside is a limited liability company conducting business in

12

New Jersey.  Based on information and belief, its principal place of business is 846 7th Avenue, 4th Floor, New York, New York 10019.

88.     At all times relevant, Rosa Mexicano Riverside has done business as the New Jersey Rosa Mexicano.

89.     At all relevant times, Rosa Mexicano Riverside has maintained control, oversight, and direction over Plaintiffs and similarly situated employees, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, and other employment practices.

90.     Rosa Mexicano Riverside applies the same employment policies, practices, and procedures to all tipped workers at the New Jersey Rosa Mexicano as applied in other Rosa Mexicano locations, including policies, practices, and procedures with respect to payment of minimum wage and tips.

91.     Upon information and belief, at all relevant times Rosa Mexicano Riverside has an annual gross volume of sales in excess of $500,000.

**Rosa Mexicano DC LLC**

92.     Together with the other Defendants, Rosa Mexicano DC LLC ("Rosa Mexicano DC") owned and/or operated the Rosa Mexicano restaurants during the relevant period.

93.     Rosa Mexicano DC is a Delaware limited liability company conducting business in the District of Columbia.

94.     Rosa Mexicano DC lists 846 7th Avenue, 4th Floor, New York, New York 10019 as its principal office address in its corporate filings.

95.     At all times relevant, Rosa Mexicano DC has done business as the Washington D.C. Rosa Mexicano located at 575 7th Street at F Street NW, Washington, D.C. 20004.

96.     At all relevant times, Rosa Mexicano DC has maintained control, oversight, and

direction over Plaintiffs and similarly situated employees, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, and other employment practices.

97.     Rosa Mexicano DC applies the same employment policies, practices, and procedures to all tipped workers at the Washington D.C. Rosa Mexicano as applied in other Rosa Mexicano locations, including policies, practices, and procedures with respect to payment of minimum wage and tips.

98.     Upon information and belief, at all relevant times Rosa Mexicano  DC   has   an annual gross volume of sales in excess of $500,000.

**Rosa Mexicano Chevy Chase LLC**

99.     Together with the other Defendants, Rosa Mexicano Chevy Chase Maryland LLC ("Rosa Mexicano Chevy Chase") owned and/or operated the Rosa Mexicano restaurants during the relevant period.

100.     Rosa Mexicano Chevy Chase is a Delaware limited liability company conducting business in the District of Columbia.   It lists 846 7th Avenue, 4th Floor, New York, New York 10019 as its principal office address in its corporate filings.

101.     At all times relevant, Rosa Mexicano Chevy Chase did business as the Rosa Mexicano previously located at 5225 Wisconsin Avenue NW, Washington, DC 20015.  Based on information and belief, this location closed in or around March 2015.

102.     At all relevant times, Rosa Mexicano Chevy Chase maintained control, oversight, and direction over Plaintiffs and similarly situated employees, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, and other employment practices.

103.     Rosa Mexicano Chevy Chase applied the same employment policies, practices, and procedures to all tipped workers at the Chevy Chase Rosa Mexicano as applied in other Rosa

Mexicano locations, including policies, practices, and procedures with respect to payment of minimum wage and tips.

104.    Upon information and belief, at all relevant times Rosa Mexicano  Chevy  Chase has an annual gross volume of sales in excess of $500,000.

**Rosa Mexicano National Harbor LLC**

105.    Together with the other Defendants, Rosa Mexicano National Harbor LLC ("Rosa Mexicano National Harbor") owned and/or operated the Rosa Mexicano restaurants during the relevant period.

106.    Rosa Mexicano National Harbor is a Delaware limited liability company conducting business in Maryland.  Rosa Mexicano National Harbor's principal office in its Maryland corporate filing is listed as 2711 Centerville Road, Ste 400, Wilmington, Delaware 19808.

107.    At all times relevant, Rosa Mexicano National Harbor has done business as the National Harbor Rosa Mexicano located at 153 Waterfront Street, National Harbor, Maryland 20745.

108.    At all relevant times, Rosa Mexicano National Harbor has maintained control, oversight, and direction over Plaintiffs and similarly situated employees, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, and other employment practices.

109.    Rosa Mexicano National Harbor applies the same employment policies, practices, and procedures to all tipped workers at the National Harbor Rosa Mexicano as applied in other Rosa Mexicano locations, including policies, practices, and procedures with respect to payment of minimum wage and tips.

110.    Upon information and belief, at all relevant times Rosa Mexicano National

Harbor has an annual gross volume of sales in excess of $500,000.

**Rosa Mexicano Atlanta LLC**

111.    Together with the other Defendants, Rosa Mexicano Atlanta LLC ("Rosa Mexicano Atlanta") owned and/or operated the Rosa Mexicano restaurants during the relevant period.

112.    Rosa Mexicano Atlanta is a Delaware limited liability company conducting business in Georgia.   It lists 846 7th Avenue, 4th Floor, New York, New York 10019 as its principal office address in its corporate filings.

113.    At all times relevant, Rosa Mexicano Atlanta has done business as the Atlanta Rosa Mexicano located at 245 18th Street NW, Atlanta, Georgia 30363.

114.    At all relevant times, Rosa Mexicano Atlanta has maintained control, oversight, and direction over Plaintiffs and similarly situated employees, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, and other employment practices.

115.    Rosa Mexicano Atlanta applies the same employment policies, practices, and procedures to all tipped workers at the Atlanta Rosa Mexicano as applied in other Rosa Mexicano locations, including policies, practices, and procedures with respect to payment of minimum wage and tips.

116.    Upon information and belief, at all relevant times Rosa Mexicano Atlanta has an annual gross volume of sales in excess of $500,000.

**Rosa Mexicano Miami LLC**

117.    Together with the other Defendants, Rosa Mexicano Miami LLC ("Rosa Mexicano Miami") owned and/or operated the Rosa Mexicano restaurants during the relevant period.

118.    Rosa Mexicano Miami is a Delaware limited liability company conducting business in Florida.   It lists 846 7th Avenue, 4th Floor, New York, New York 10019 as its principal office address in its corporate filings.

119.    At all times relevant, Rosa Mexicano Miami has done business as the Miami Rosa Mexicano located at 900 South Miami Avenue, Miami, Florida 33130.

120.    Rosa Mexicano Miami lists 846 7th Avenue, 4th Floor, New York, New York 10019 as its principal office address in its Florida corporate filings.

121.    At all relevant times, Rosa Mexicano Miami has maintained control, oversight, and direction over Plaintiffs and similarly situated employees, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, and other employment practices.

122.    Rosa Mexicano Miami applies the same employment policies, practices, and procedures to all tipped workers at the Miami Rosa Mexicano as applied in other Rosa Mexicano locations, including policies, practices, and procedures with respect to payment of minimum wage and tips.

123.    Upon information and belief, at all relevant times Rosa Mexicano Miami has an annual gross volume of sales in excess of $500,000.

**Rosa Mexicano South Beach LLC**

124.    Together with the other Defendants, Rosa Mexicano South Beach LLC ("Rosa Mexicano South Beach") owned and/or operated the Rosa Mexicano restaurants during the relevant period.

125.    Rosa Mexicano South Beach is a Delaware limited liability company conducting business in Florida.   It lists 846 7th Avenue, 4th Floor, New York, New York 10019 as its principal office address in its corporate filings.

126.    At all times relevant, Rosa Mexicano South Beach has done business as the South Beach Rosa Mexicano located at 1111 Lincoln Road, Miami Beach, Florida 33139.

127.    At all relevant times, Rosa Mexicano South Beach has maintained control, oversight, and direction over Plaintiffs and similarly situated employees, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, and other employment practices.

128.    Rosa Mexicano South Beach applies the same employment policies, practices, and procedures to all tipped workers at the South Beach Rosa Mexicano as applied in other Rosa Mexicano locations, including policies, practices, and procedures with respect to payment of minimum wage and tips.

129.    Upon information and belief, at all relevant times Rosa Mexicano South Beach has an annual gross volume of sales in excess of $500,000.

## JURISDICTION AND VENUE

130.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332 and 1337, and jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

131.    This Court also has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

132.    This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

133.    Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## COLLECTIVE ACTION ALLEGATIONS

134.    Plaintiffs bring the First and Second Causes of Action, the FLSA claims, on behalf of themselves and all similarly situated current and former Tipped Employees employed at Rosa Mexicano restaurants nationwide, with the exception of Rosa Mexicano restaurants located in California and Minnesota, owned, operated, and/or controlled by Defendants, between April 7, 2013 and the date of final judgment in this matter, and who elect to opt-in to this action (the "FLSA Collective Members").

135.    At all relevant times, Plaintiffs and the FLSA Collective Members are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' common practices, policies, and routines with regards to their compensation, including their willful failing and refusing to pay Plaintiffs at the legally required minimum and overtime wages for all hours worked.  Plaintiffs' claims stated herein are essentially the same as those of the other FLSA Collective Members.

136.    Defendants' unlawful conduct, as described in this Class Action Complaint, is pursuant to a corporate policy or practice of minimizing labor costs by failing to record the hours that employees work.

137.    Defendants are aware or should have been aware that federal law required them to pay employees minimum and overtime wages for all of the hours they work.

138.    Defendants' unlawful conduct has been widespread, repeated, and consistent.

139.    The First and Second Causes of Action are properly brought under and maintained as an opt-in collective action pursuant to 29 U.S.C. 216(b).

## CLASS ACTION ALLEGATIONS

### *The New York Class*

140.     Plaintiffs Suarez, Rivas, and Jiron (collectively, the "NY Plaintiffs") bring the

Third, Fourth, Fifth, Sixth, Seventh, and Eighth Causes of Action, NYLL claims, pursuant to

Rule 23, on behalf of themselves and a class of persons consisting of:

> All persons who work or have worked as tipped workers and
> similar employees at the Rosa Mexicano restaurants in New York
> between April 7, 2010 and the date of final judgment in this matter
> (the "NY Rule 23 Class").

141.     Excluded from the NY Rule 23 Class are Defendants, Defendants' legal

representatives, officers, directors, assigns, and successors, or any individual who has, or who at

any time during the class period has had, a controlling interest in Defendants; the Judge(s) to

whom this case is assigned and any member of the Judges' immediate family; and all persons

who will submit timely and otherwise proper requests for exclusion from the NY Rule 23 Class.

142.     The members of the NY Rule 23 Class ("NY Rule 23 Class Members") are

readily ascertainable.   The number and identity of the NY Rule 23 Class Members are

determinable from the Defendants' records.   The hours assigned and worked, the positions held,

and the rates of pay for each NY Rule 23 Class Member are also determinable from Defendants'

records.   For the purpose of notice and other purposes related to this action, their names and

addresses are readily available from Defendants.   Notice can be provided by means permissible

under Federal Rule of Civil Procedure 23.

143.     The NY Rule 23 Class Members are so numerous that joinder of all members is

impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

144.     There are more than fifty NY Rule 23 Class Members.

145.     The NY Plaintiffs' claims are typical of those claims which could be alleged by

any NY Rule 23 Class Member, and the relief sought is typical of the relief which would be sought by each NY Rule 23 Class Member in separate actions.

146.     All the NY Rule 23 Class Members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay minimum wage, failing to pay proper overtime wages, failing to properly distribute tips, failing to properly provide call-in pay, failing to provide proper wage notices, and failing to provide accurate wage statements.

147.     The NY Plaintiffs and the NY Rule 23 Class Members have all sustained similar types of damages as a result of Defendants' failure to comply with the NYLL.

148.     The NY Plaintiffs and the NY Rule 23 Class Members have all been injured in that they have been uncompensated or under-compensated due to Defendants' common policies, practices, and patterns of conduct.  Defendants' corporate-wide policies and practices affected all NY Rule 23 Class Members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each of the NY Rule 23 Class Members.

149.     The NY Plaintiffs and other NY Rule 23 Class Members sustained similar losses, injuries, and damages arising from the same unlawful policies, practices, and procedures.

150.     The NY Plaintiffs are able to fairly and adequately protect the interests of the NY Rule 23 Class Members and have no interests antagonistic to the NY Rule 23 Class Members.

151.     The NY Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented many plaintiffs and classes in wage and hour cases.

152.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against

corporate defendants.  Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.  Because the losses, injuries, and damages suffered by each of the individual NY Rule 23 Class Members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual NY Class Members to redress the wrongs done to them.  On the other hand, important public interests will be served by addressing the matter as a class action.  The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs.  The prosecution of separate actions by individual NY Rule 23 Class Members would create a risk of inconsistent and/or varying adjudications with respect to the individual NY Class Members, establishing incompatible standards of conduct for Defendants and resulting in the impairment of the NY Rule 23 Class Members' rights and the disposition of their interests through actions to which they were not parties.  The issues in this action can be decided by means of common, class-wide proof.  In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

153.   Upon information and belief, Defendants and other employers throughout the state violate the NYLL.  Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation.  Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment.  Class actions provide class members who are not named in the complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

154.     This action is properly maintainable as a class action under Federal Rule of Civil

Procedure 23(b)(3).

155.     Common questions of law and fact exist as to the NY Rule 23 Class Members that

predominate over any questions only affecting the NY Plaintiffs and the NY Rule 23 Class

Members individually and include, but are not limited to, the following:

      a.  whether Defendants violated NYLL Articles 6 and 19, and the supporting
          New York State Department of Labor Regulations;

      b.  whether Defendants paid the NY Plaintiffs and the NY Rule 23 Class
          Members at the proper minimum wage rate for all hours worked;

      c.  whether Defendants properly compensated the NY Plaintiffs and the NY
          Rule 23 Class Members for hours worked in excess of forty hours per
          workweek;

      d.  whether Defendants misappropriated tips from the NY Plaintiffs and the
          NY Rule 23 Class Members by distributing a portion of the tips paid by
          customers to employees who are not entitled to receive tips under the
          NYLL;

      e.  whether Defendants failed to pay NY Plaintiffs and NY Rule 23 Class
          Members "call-in pay" for days when they reported to work at the request
          or permission by Defendants;

      f.  whether Defendants failed to furnish the NY Plaintiffs and the NY Rule 23
          Class Members with proper annual wage notices, as required by the
          NYLL;

      g.  whether Defendants failed to furnish the NY Plaintiffs and the NY Rule 23
          Class Members with accurate statements of wages, hours worked, rates
          paid, gross wages, and the claimed tip allowance, as required by the
          NYLL;

      h.  whether Defendants' policy of failing to pay tipped workers was instituted
          willfully or with reckless disregard of the law; and

      i.  the nature and extent of class-wide injury and the measure of damages for
          those injuries.

*The Massachusetts Class*

156.   Plaintiff Sene (the "MA Plaintiff") brings the Ninth, Tenth, and Eleventh causes of action, MA Wage Law Claims, under Rule 23, on behalf of himself and a class of persons consisting of:

> All persons who work or have worked as tipped workers and similar employees at Rosa Mexicano in Massachusetts between April 7, 2013 and the date of final judgment in this matter (the "MA Rule 23 Class").

157.   Excluded from the MA Rule 23 Class are Defendants, Defendants' legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendants; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the MA Rule 23 Class.

158.   The members of the MA Rule 23 Class ("MA Rule 23 Class Members") are readily ascertainable.   The number and identity of the MA Rule 23 Class Members are determinable from the Defendants' records.   The hours assigned and worked, the positions held, and the rates of pay for each MA Rule 23 Class Members are also determinable from Defendants' records.   For the purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants.   Notice can be provided by means permissible under Federal Rule of Civil Procedure 23.

159.   The MA Rule 23 Class Members are so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

160.   There are more than fifty MA Rule 23 Class Members.

161.   The MA Plaintiff's claims are typical of those claims which could be alleged by any MA Rule 23 Class Members, and the relief sought is typical of the relief which would be

sought by each MA Rule 23 Class Members in separate actions.

162.   All the MA Rule 23 Class Members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay minimum wage, failing to pay proper overtime wages, and failing to properly distribute tips.

163.   The MA Plaintiff and the MA Rule 23 Class Members have all sustained similar types of damages as a result of Defendants' failure to comply with the MA Wage Laws.

164.   The MA Plaintiff and the MA Rule 23 Class Members have all been injured in that they have been uncompensated or under-compensated due to Defendants' common policies, practices, and patterns of conduct.  Defendants' corporate-wide policies and practices affected all MA Rule 23 Class Members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each of the MA Rule 23 Class Members.

165.   The MA Plaintiff and other MA Rule 23 Class Members sustained similar losses, injuries, and damages arising from the same unlawful policies, practices, and procedures.

166.   The MA Plaintiff is able to fairly and adequately protect the interests of the MA Rule 23 Class Members and has no interests antagonistic to the MA Class Members.

167.   The MA Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented many plaintiffs and classes in wage and hour cases.

168.   A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants.  Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and

without the unnecessary duplication of efforts and expense that numerous individual actions engender.  Because the losses, injuries, and damages suffered by each of the individual MA Rule 23 Class Members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual MA Class Members to redress the wrongs done to them.  On the other hand, important public interests will be served by addressing the matter as a class action.  The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs.  The prosecution of separate actions by individual MA Rule 23 Class Members would create a risk of inconsistent and/or varying adjudications with respect to the individual MA Rule 23 Class Members, establishing incompatible standards of conduct for Defendants and resulting in the impairment of the MA Rule 23 Class Members' rights and the disposition of their interests through actions to which they were not parties.  The issues in this action can be decided by means of common, class-wide proof.  In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

169.    Upon information and belief, Defendants and other employers throughout the state violate the MA Wage Laws.  Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation.  Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment.  Class actions provide class members who are not named in the complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

170.    This action is properly maintainable as a class action under Federal Rule of Civil

Procedure 23(b)(3).

171.    Common questions of law and fact exist as to the MA Rule 23 Class Members that predominate over any questions only affecting the MA Plaintiff and the MA Rule 23 Class Members individually and include, but are not limited to, the following:

    a.  whether Defendants paid the MA Plaintiff and the MA Rule 23 Class Members at the proper minimum wage rate for all hours worked;

    b.  whether Defendants misappropriated tips from the MA Plaintiff and the MA Rule 23 Class Members by distributing a portion of the tips paid by customers to employees who are not entitled to receive tips under the MA Wage Laws;

    c.  whether Defendants failed to keep true and accurate time and pay records for all hours worked by the MA Plaintiff and the MA Rule 23 Class Members, and other records required by the MA Wage Laws; and;

    d.  the nature and extent of class-wide injury and the measure of damages for those injuries.

## PLAINTIFFS' FACTUAL ALLEGATIONS

172.    Consistent with their policies and patterns or practices as described herein, Defendants harmed Plaintiffs, individually, as follows:

**Edwin Suarez**

173.    Defendants did not pay Suarez the proper minimum wages for all of the time that he was suffered or permitted to work each workweek.

174.    During his employment, Defendants paid Suarez at the New York tipped minimum wage rate.

175.    During his employment, Suarez generally worked the following scheduled hours unless he missed time for vacation, sick days, or holidays or obtained additional shifts:

      a.  From the start of his employment through approximately August 2014, on average 3 to 4 shifts per week, working approximately 20 hours per week;

      b.  From approximately September 2014 to the end of his employment, on average 6 shifts per week, working approximately 30 to 32 hours per week.

176.    Defendants failed to notify Suarez verbally or in writing of the tip credit provisions of the FLSA or NYLL, or of their intent to apply a tip credit to his wages.

177.    Defendants instituted a mandatory tip sharing arrangement at Rosa Mexicano that allocated a portion of Suarez's tips to employees who are in positions that are not entitled to tips under the FLSA and/or the NYLL, including, but not limited to, floaters.

178.    During the course of his employment, there were times when Suarez would report for duty for a regularly scheduled shift only to be sent home prior to working for three hours. Defendants failed to properly provide Suarez with "call-in pay" as required by 12 N.Y.C.R.R. Part 146 for these shifts.

179.    Defendants have failed to furnish Suarez with proper annual wage notices, as required by the NYLL.

180.    Defendants have failed to furnish Suarez with accurate statements of wages, showing hours worked, rates paid, gross wages, and the claimed tip allowance.

**Carlos Rivas**

181.    Defendants did not pay Rivas the proper minimum wages for all of the time that he was suffered or permitted to work each workweek.

182.    Some weeks Rivas worked more than 40 hours per week without being properly compensated for all of his overtime hours.

183.    During his employment, Defendants paid Rivas at the New York tipped minimum

wage rate.

184.    Defendants did not pay Rivas one-and-one-half times the regular New York minimum wage rate for all overtime hours worked.

185.    Defendants did not take into account automatic gratuity added to large when calculating Rivas' overtime rate of pay.

186.    During his employment, Rivas generally worked the following scheduled hours unless he missed time for vacation, sick days, or holidays or obtained additional shifts:

       a.    From the start of his employment through approximately June 2015, on average between 5 and 7 shifts per week, for approximately 45 to 50 hours per week; and

       b.    From June 2015 through June 2016, on average 5 shifts per week, for approximately 38 to 45 hours per week.

187.    Defendants failed to notify Rivas verbally or in writing of the tip credit provisions of the FLSA or NYLL, or of their intent to apply a tip credit to his wages.

188.    Defendants instituted a mandatory tip sharing arrangement at Rosa Mexicano that allocated a portion of Rivas' tips to employees who are in positions that are not entitled to tips under the FLSA and/or the NYLL, including, but not limited to, floaters.

189.    During the course of his employment, there were times when Rivas would report for duty for a regularly scheduled shift only to be sent home prior to working for three hours. Defendants failed to properly provide Rivas with "call-in pay" as required by 12 N.Y.C.R.R. Part 146 for these shifts.

190.    Defendants have failed to furnish Rivas with proper annual wage notices, as required by the NYLL.

191.    Defendants have failed to furnish Rivas with accurate statements of wages, showing hours worked, rates paid, gross wages, and the claimed tip allowance.

**Ester Jiron**

192.   Defendants did not pay Jiron the proper minimum wages for all of the time that she was suffered or permitted to work each workweek.

193.   During her employment, Defendants paid Jiron at the New York tipped minimum wage rate.

194.   During her employment, Jiron generally worked the following scheduled hours unless she missed time for vacation, sick days, or holidays or obtained additional shifts:

        a.   On average between 3 and 4 shifts per week, for approximately 20 hours per week.

195.   Defendants failed to notify Jiron verbally or in writing of the tip credit provisions of the FLSA or the NYLL, or of their intent to apply a tip credit to her wages.

196.   Defendants failed to notify Jiron in writing of the tip credit provisions of the NYLL, or of their intent to apply a tip credit to her wages.

197.   Defendants instituted a mandatory tip sharing arrangement at Rosa Mexicano that allocated a portion of Jiron's tips to employees who are in positions that are not entitled to tips under the FLSA and/or the NYLL, including, but not limited to, floaters.

198.   During the course of her employment, there were times when Jiron would report for duty for a regularly scheduled shift only to be sent home prior to working for three hours. Defendants failed to properly provide Jiron with "call-in pay" as required by 12 N.Y.C.R.R. Part 146 for these shifts.

199.   Defendants have failed to furnish Jiron with proper annual wage notices, as required by the NYLL.

200.   Defendants have failed to furnish Jiron with accurate statements of wages, showing hours worked, rates paid, gross wages, and the claimed tip allowance.

**Driss Sene**

201.   Defendants did not pay Sene the proper minimum wages for all of the time that he was suffered or permitted to work each workweek.

202.   Some weeks Sene worked more than 40 hours per week without being properly compensated for all of his overtime hours.

203.   During his employment, Defendants paid Sene at the Massachusetts tipped minimum wage rate.

204.   Defendants did not pay Sene one-and-one-half times the regular Massachusetts minimum wage rate for all overtime hours worked.

205.   Defendants did not take into account automatic gratuity added to large parties when calculating Sene's overtime rate of pay.

206.   Throughout the duration of his employment at Rosa Mexicano, Sene received weekly paychecks from Defendants that did not properly record or compensate him for all the hours that he worked.

207.   During his employment, Sene generally worked the following scheduled hours unless he missed time for vacation, sick days, or holidays or obtained additional shifts:

> a.   On average between 4 and 5 shifts per week, working approximately on average 30 to 35 hours per week.

208.   Defendants failed to notify Sene verbally or in writing of the tip credit provisions of the FLSA or MA Wage Laws, or of their intent to apply a tip credit to his wages.

209.   Defendants instituted a mandatory tip sharing arrangement at Rosa Mexicano that allocated a portion of Sene's tips to employees who are in positions that are not entitled to tips under the FLSA and/or the MA Wage Laws, including, but not limited to, floaters.

**FIRST CAUSE OF ACTION**
**Fair Labor Standards Act – Minimum Wages**
**(Brought on behalf of Plaintiffs and the FLSA Collective)**

210.     Plaintiffs, on behalf of themselves and the FLSA Collective, reallege and
incorporate by reference all allegations in all preceding paragraphs.

211.     At all relevant times, each of the Defendants have been, and continue to be, an
employer engaged in interstate commerce and/or in the production of goods for commerce,
within the meaning of FLSA, 29 U.S.C. § 203.   At all relevant times, each Defendant has
employed "employee[s]," including Plaintiffs and the FLSA Collective.

212.     Defendants failed to pay Plaintiffs and the FLSA Collective the applicable
minimum wages to which they are entitled under the FLSA.

213.     Defendants were not eligible to avail themselves of the federal tipped minimum
wage rate under the FLSA, 29 U.S.C. §§ 201 *et seq.*, because Defendants failed to inform
Plaintiffs and FLSA Collective of the provisions of subsection 203(m) of the FLSA and
distributed a portion of their tips to employees who do not "customarily and regularly" receive
tips.

214.     Defendants' unlawful conduct, as described in this Class Action Complaint, has
been willful and intentional.   Defendants were aware or should have been aware that the
practices described in this Class Action Complaint were unlawful.  Defendants have not made a
good faith effort to comply with the FLSA with respect to the compensation of Plaintiffs and the
FLSA Collective.

215.     Because Defendants' violations of the FLSA have been willful, a three-year
statute of limitations applies, pursuant to 29 U.S.C. §§ 201 *et seq.*

216.     As a result of Defendants' willful violations of the FLSA, Plaintiffs and the FLSA Collective have suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201 *et seq.*

### SECOND CAUSE OF ACTION
**Fair Labor Standards Act – Overtime Wages**
**(Brought on behalf of Plaintiffs and the FLSA Collective)**

217.     Plaintiffs on behalf of themselves and the FLSA Collective, realleges and incorporates by reference all allegations in all preceding paragraphs.

218.     The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations, apply to Defendants and protect Plaintiffs and the FLSA Collective.

219.     Plaintiffs and the FLSA Collective worked in excess of forty hours during some workweeks in the relevant time period.

220.     Defendants failed to pay Plaintiffs and the FLSA Collective one-and-one-half times the full minimum wage for all work in excess of forty hours per workweek.

221.     Defendants also failed to include automatic gratuities in tipped workers' regular rate of pay, thus leading to a miscalculation of the overtime rate.

222.      Defendants' unlawful conduct, as described in this Class Action Complaint, has been willful and intentional.  Defendants were aware or should have been aware that the practices described herein were unlawful.  Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiffs and the FLSA Collective.

223.    Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §§ 201 *et seq*.

224.    As a result of Defendants' violations of the FLSA, Plaintiffs and the FLSA Collective have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201 *et seq*.

**THIRD CAUSE OF ACTION**
**New York Labor Law – Minimum Wages**
**(Brought on behalf of the NY Plaintiffs and the NY Rule 23 Class)**

225.    The NY Plaintiffs, on behalf of themselves and the NY Rule 23 Class, reallege and incorporate by reference all allegations in all preceding paragraphs.

226.    At all times relevant, the NY Plaintiffs and the NY Rule 23 Class have been employees of Defendants, and Defendants have been employers of the NY Plaintiffs and the NY Rule 23 Class within the meaning of the NYLL §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

227.    Defendants failed to pay the NY Plaintiffs and the NY Rule 23 Class the minimum hourly wages to which they are entitled under the NYLL and the supporting New York State Department of Labor Regulations.

228.    Defendants were required to pay the NY Plaintiffs and the Rule 23 Class the full minimum wage at a rate of; (a) $7.25 per hour for all hours worked from July 24, 2009 through the December 30, 2013; (b) $8.00 per hour for all hours worked from December 31, 2013 to December 30, 2014; (c) $8.75 per hour for all hours worked from December 31, 2014 to December 30, 2015, and (d) $9.00 per hour for all hours worked from December 31, 2015 to the

present under the NYLL §§ 650 *et seq.* and the supporting New York State Department of Labor Regulations.

229.   Prior to January 1, 2011, Defendants failed to furnish with every payment of wages to the NY Plaintiffs and the NY Rule 23 Class a statement listing hours worked, rates paid, gross wages, and tip allowance claimed as part of their minimum hourly wage rate, as required by the NYLL and the supporting New York State Department of Labor Regulations.  As a result, the NY Plaintiffs and the NY Rule 23 Class were entitled to the full minimum wage rate rather than the reduced tipped minimum wage rate during this time period.

230.   Prior to January 1, 2011, Defendants failed to keep, make, preserve, maintain, and furnish accurate records of time worked by the NY Plaintiffs and the NY Rule 23 Class as required by the NYLL and the supporting New York State Department of Labor Regulations.  As a result, the NY Plaintiffs and the NY Rule 23 Class were entitled to the full minimum wage rate rather than the reduced tipped minimum wage rate during this time period.

231.   Since January 1, 2011, Defendants have failed to notify the NY Plaintiffs and the NY Rule 23 Class of the tip credit in writing as required by the NYLL and the supporting New York State Department of Labor Regulations.  As a result, the NY Plaintiffs and the NY Rule 23 Class have been entitled to the full minimum wage rate rather than the reduced tipped minimum wage rate during this time period.

232.   Defendants have required the NY Plaintiffs and the NY Rule 23 Class to share gratuities with employees who are not eligible to receive tips under the NYLL and the supporting New York State Department of Labor Regulations.  As a result, the NY Plaintiffs and the NY Rule 23 Class have been entitled to the full minimum wage rate rather than the reduced tipped minimum wage rate at all relevant times.

233.    Through their knowing or intentional failure to pay minimum hourly wages to the NY Plaintiffs and the NY Rule 23 Class, Defendants have willfully violated the NYLL,  Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

234.    Due to Defendants' willful violations of the NYLL, the NY Plaintiffs and the NY Rule 23 Class are entitled to recover from Defendants their unpaid minimum wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

<u>FOURTH CAUSE OF ACTION</u>
**New York Labor Law – Overtime Wages**
**(Brought on behalf of the NY Plaintiffs and the NY Rule 23 Class Members)**

235.    The NY Plaintiffs, on behalf of themselves and the NY Rule 23 Class, reallege and incorporate by reference all allegations in all preceding paragraphs.

236.    Defendants failed to pay the NY Plaintiffs and the NY Rule 23 Class the proper overtime wages to which they are entitled under the NYLL and the supporting New York State Department of Labor Regulations.

237.    Through their knowing or intentional failure to pay the NY Plaintiffs and the NY Rule 23 Class overtime wages for hours worked in excess of forty hours per workweek, Defendants have willfully violated the NYLL, Article 9, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

238.    Due to Defendants' willful violations of the NYLL, the NY Plaintiffs and the NY Rule 23 Class are entitled to recover from Defendants their unpaid overtime wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

**FIFTH CAUSE OF ACTION**
**New York Labor Law –Tip Misappropriation**
**(Brought on behalf of the NY Plaintiffs and the NY Rule 23 Class)**

239.   The NY Plaintiffs, on behalf of themselves and the NY Rule 23 Class, reallege and incorporate by reference all allegations in all preceding paragraphs.

240.   Defendants required the NY Plaintiffs and the NY Rule 23 Class Members to share a portion of the gratuities and/or service charges they received with employees other than servers, bussers, runners, bartenders, or similar employees, in violation of NYLL, Article 6 § 196-d, and the supporting New York State Department of Labor Regulations.

241.   By Defendants' knowing or intentional demand for, acceptance of, and/or retention of a portion of the gratuities and/or service charges received by the NY Plaintiffs and the NY Rule 23 Class Members, Defendants have willfully violated the NYLL, Article 6, § 196-d, and the supporting New York State Department of Labor Regulations.

242.   Due to Defendants' willful violations of the NYLL, the NY Plaintiffs and the NY Rule 23 Class Members are entitled to recover from Defendants their unpaid gratuities and/or service charges, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

**SIXTH CAUSE OF ACTION**
**New York Labor Law – "Call-In Pay"**
**(Brought on behalf of the NY Plaintiffs and the NY Rule 23 Class)**

243.   The NY Plaintiffs, on behalf of themselves and the NY Rule 23 Class, reallege and incorporate by reference all allegations in all preceding paragraphs.

244.   The NY Plaintiffs and the NY Rule 23 Class members who, by request or permission of Defendants, reported for duty on any day, whether or not assigned to actual work, were not compensated for: (1) at least three hours for one shift or the number of hours in the

regularly scheduled shift, whichever is less; (2) at least six hours for two shifts totaling six hours or less, or the number of hours in the regularly scheduled shift, whichever is less; and (3) at least eight hours for three shifts totaling eight hours or less or the number of hours in the regularly scheduled shift, whichever is less, as required by 12 N.Y.C.R.R. Part 146.

245.     Due to Defendants' violations of the NYLL, the NY Plaintiffs and the NY Rule 23 Class are entitled to recover from Defendants up to three hours of wages calculated at the full minimum wage rate or full overtime rate, whichever is applicable, as provided by 12 N.Y.C.R.R. Part 146, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

**SEVENTH CAUSE OF ACTION**
**New York Labor Law – Failure to Provide Proper Annual Wage Notices**
**(Brought on behalf of the NY Plaintiffs and the NY Rule 23 Class)**

246.     The NY Plaintiffs, on behalf of themselves and the NY Rule 23 Class, reallege and incorporate by reference all allegations in all preceding paragraphs.

247.     Defendants failed to supply the NY Plaintiffs and the NY Rule 23 Class with proper annual wage notices, as required by NYLL, Article 6, § 195(1), in English or in the language identified as their primary language, containing Plaintiffs' and the Rule 23 Class's rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

248.     Through their failure to provide the NY Plaintiffs and the NY Rule 23 Class with proper annual wage notices required by the NYLL, Defendants have violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

249.     Due to Defendants' violations of NYLL, Article 6, § 195(1), the NY Plaintiffs and the NY Rule 23 Class are entitled to statutory penalties of fifty dollars for each day that Defendants failed to provide them with wage notices, or a total of five thousand dollars, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-b).

## EIGHTH CAUSE OF ACTION
### New York Labor Law – Failure to Provide Accurate Wage Statements
### (Brought on behalf of the NY Plaintiffs and the NY Rule 23 Class)

250.     The NY Plaintiffs, on behalf of themselves and the NY Rule 23 Class, reallege and incorporate by reference all allegations in all preceding paragraphs.

251.     Defendants failed to supply the NY Plaintiffs and the NY Rule 23 Class with accurate statements of wages as required by NYLL, Article 6, § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

252.     Through their failure to provide the NY Plaintiffs and the NY Rule 23 Class with the accurate wage statements required by the NYLL, Defendants have violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

253.     Due to Defendants' violations of NYLL, Article 6, § 195(3), the NY Plaintiffs and the NY Rule 23 Class are entitled to statutory penalties of two hundred fifty dollars for each day that Defendants failed to provide them with accurate wage statements, or a total of five thousand dollars, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-d).

**NINTH CAUSE OF ACTION**
**Massachusetts Wage Law – Minimum Wages**
**(Brought on behalf of the MA Plaintiff and the MA Rule 23 Class)**

254.     The MA Plaintiff, on behalf of himself and the MA Rule 23 Class, realleges and incorporates by reference all allegations in all preceding paragraphs.

255.     At all times relevant, the MA Plaintiff and the MA Rule 23 Class have been employees of Defendants, and Defendants have been employers of the MA Plaintiff and the MA Rule 23 Class within the meaning of the MA Wage Laws and the supporting Massachusetts Department of Labor Regulations.

256.     Defendants failed to pay the MA Plaintiff and the MA Rule 23 Class the applicable minimum hourly wages at the appropriate rate and for all hours worked to which they are entitled under the MA Wage Laws and the supporting Massachusetts State Department of Labor Regulations.

257.     Defendants failed to notify the MA Plaintiff and the MA Rule 23 Class of the tip credit minimum wage.

258.     Due to Defendants' violations of the MA Wage Laws, the MA Plaintiff and the MA Rule 23 Class are entitled to recover from Defendants their unpaid minimum wages, treble damages as provided for by the MA Wage Laws, and reasonable attorneys' fees and costs of the action.

## TENTH CAUSE OF ACTION
### Massachusetts Wage Law – Overtime Wages
### (Brought on behalf of the MA Plaintiff and the MA Rule 23 Class)

259.    The MA Plaintiff, on behalf of himself and the MA Rule 23 Class, realleges and incorporates by reference all allegations in all preceding paragraphs.

260.    Defendants failed to pay the MA Plaintiff and the MA Rule 23 Class the proper overtime wages to which they are entitled under the MA Wage Laws and the supporting Massachusetts State Department of Labor Regulations.

261.    Through their knowing or intentional failure to pay the MA Plaintiff and the MA Rule 23 Class overtime wages for hours worked in excess of forty hours per workweek, Defendants have violated the MA Wage Laws and the supporting Massachusetts State Department of Labor Regulations.

262.    Due to Defendants' violations of the MA Wage Laws, the MA Plaintiff and the MA Rule 23 Class are entitled to recover from Defendants their unpaid minimum wages, treble damages as provided for by the MA Wage Laws, and reasonable attorneys' fees and costs of the action.

## ELEVENTH CAUSE OF ACTION
### Massachusetts Wage Laws – Tip Misappropriation
### (Brought on behalf of the MA Plaintiff and the MA Rule 23 Class)

263.    The MA Plaintiff, on behalf of himself and the MA Rule 23 Class, realleges and incorporates by reference all allegations in all preceding paragraphs.

264.    At all times relevant, the MA Plaintiff and the MA Rule 23 Class have been service and/or wait staff employees within the meaning of Mass. Gen. L. c. 149 § 152A *et seq.*, and the supporting Massachusetts Department of Labor Regulations.

265.    At all times relevant, each Defendant has been an employer within the meaning of the Mass. Gen. L. c. 149 § 152A *et seq.*, and the supporting Massachusetts Department of Labor Regulations.

266.    Defendants required the MA Plaintiff and the MA Rule 23 Class to share part of the gratuities they received with non-wait staff employees other than waiters, servers, bussers, or similar employees, in violation of Mass. Gen. L. c. 149 § 152A *et seq.*, and the supporting Massachusetts Department of Labor Regulations.

267.    By Defendants' knowing and/or intentional demand for, acceptance of, and/or retention of part of the gratuities received by the MA Plaintiff and the MA Rule 23 Class, Defendants have violated the Mass. Gen. L. c. 149 § 152A *et seq.*, and the supporting Massachusetts Department of Labor Regulations.

268.    Due to Defendants' violations of the MA Wage Laws, the MA Plaintiff and the MA Rule 23 Class are entitled to recover from Defendants their unpaid gratuities, treble damages as provided for by the MA Wage Laws, and reasonable attorneys' fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, individually, and on behalf of all other similarly situated persons, respectfully request that this Court grant the following relief:

A.    Designation of this action as a collective action on behalf of the FLSA Collective Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

B.    Unpaid minimum wages, overtime wages, and an additional and equal amount as

liquidated damages pursuant to the FLSA and the supporting United States Department of Labor Regulations;

C.      Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

D.      Designation of Plaintiffs Edwin Suarez, Carlos Rivas, Ester Jiron, and Driss Sene as representatives of the Rule 23 Classes and counsel of record as Class Counsel;

E.      Unpaid minimum wages, unpaid overtime wages,  misappropriated tips, and other unpaid wages, and liquidated damages permitted by law pursuant to the NYLL and the supporting New York State Department of Labor Regulations;

F.      Unpaid minimum wages, overtime wages, misappropriated tips and other unpaid wages, statutory trebling of all damages permitted by law pursuant to the MA Wage Laws and the supporting Massachusetts Department of Labor Regulations;

G.      Statutory penalties of fifty dollars for each day that Defendants failed to provide NY Plaintiffs and the NY Rule 23 Class with a wage notice, or a total of five thousand dollars each, as provided for by NYLL, Article 6 § 198;

H.      Statutory penalties of two hundred fifty dollars for each day that Defendants failed to provide NY Plaintiffs and the NY Rule 23 Class Members with accurate wage statements, or a total of five thousand dollars each, as provided for by NYLL, Article 6 § 198;

I.      Prejudgment and post-judgment interest;

J.      Reasonable attorneys' fees and costs of the action;

K.      Such other relief as this Court shall deem just and proper.

Dated:        New York, New York
              July 8, 2016

                                   Respectfully submitted,


                                   /s/ Brian S. Schaffer
                                    Brian S. Schaffer


                                   **FITAPELLI & SCHAFFER, LLP**
                                   Joseph A. Fitapelli
                                   Brian S. Schaffer
                                   Armando A. Ortiz
                                   28 Liberty Street, 30th Floor
                                   New York, NY 10005
                                   Telephone: (212) 300-0375

                                   *Attorneys for Plaintiffs and*
                                   *the Putative Classes*

## FAIR LABOR STANDARDS ACT CONSENT

1.      I consent to be a party plaintiff in a lawsuit against Rosa Mexicano and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

2.      By signing and returning this consent form, I hereby designate FITAPELLI & SCHAFFER, LLP ("the Firm") to represent me and make decisions on my behalf concerning the litigation and any settlement.  I understand that reasonable costs expended on my behalf will be deducted from any settlement or judgment amount on a pro rata basis among all other plaintiffs. I understand that the Firm will petition the Court for attorney's fees from any settlement or judgment in the amount of the greater of: (1) the "lodestar" amount, calculated by multiplying reasonable hourly rates by the number of hours expended on the lawsuit, or (2) 1/3 of the gross settlement or judgment amount.  I agree to be bound by any adjudication of this action by a court, whether it is favorable or unfavorable.

_____
Signature

_____
Full Legal Name (Print)

## FAIR LABOR STANDARDS ACT CONSENT

1.      I consent to be a party plaintiff in a lawsuit against Rosa Mexicano and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

2.      By signing and returning this consent form, I hereby designate FITAPELLI & SCHAFFER, LLP ("the Firm") to represent me and make decisions on my behalf concerning the litigation and any settlement.  I understand that reasonable costs expended on my behalf will be deducted from any settlement or judgment amount on a pro rata basis among all other plaintiffs. I understand that the Firm will petition the Court for attorney's fees from any settlement or judgment in the amount of the greater of: (1) the "lodestar" amount, calculated by multiplying reasonable hourly rates by the number of hours expended on the lawsuit, or (2) 1/3 of the gross settlement or judgment amount.  I agree to be bound by any adjudication of this action by a court, whether it is favorable or unfavorable.

*Carlos R*

Carlos rivas (Jul 4, 2016)

_____
Signature


Carlos rivas

_____
Full Legal Name (Print)

## FAIR LABOR STANDARDS ACT CONSENT

1.      I consent to be a party plaintiff in a lawsuit against Rosa Mexicano and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

2.      By signing and returning this consent form, I hereby designate FITAPELLI & SCHAFFER, LLP ("the Firm") to represent me and make decisions on my behalf concerning the litigation and any settlement. I understand that reasonable costs expended on my behalf will be deducted from any settlement or judgment amount on a pro rata basis among all other plaintiffs. I understand that the Firm will petition the Court for attorney's fees from any settlement or judgment in the amount of the greater of: (1) the "lodestar" amount, calculated by multiplying reasonable hourly rates by the number of hours expended on the lawsuit, or (2) 1/3 of the gross settlement or judgment amount. I agree to be bound by any adjudication of this action by a court, whether it is favorable or unfavorable.

*Ester Jiron*
Ester Jiron (Jul 5, 2016)
_____
Signature


Ester Jiron
_____
Full Legal Name (Print)

## FAIR LABOR STANDARDS ACT CONSENT

1.      I consent to be a party plaintiff in a lawsuit against Rosa Mexicano and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

2.      By signing and returning this consent form, I hereby designate FITAPELLI & SCHAFFER, LLP ("the Firm") to represent me and make decisions on my behalf concerning the litigation and any settlement.  I understand that reasonable costs expended on my behalf will be deducted from any settlement or judgment amount on a pro rata basis among all other plaintiffs. I understand that the Firm will petition the Court for attorney's fees from any settlement or judgment in the amount of the greater of: (1) the "lodestar" amount, calculated by multiplying reasonable hourly rates by the number of hours expended on the lawsuit, or (2) 1/3 of the gross settlement or judgment amount.  I agree to be bound by any adjudication of this action by a court, whether it is favorable or unfavorable.

Driss Sene (Mar 9, 2016)

_____

Signature


 Driss Sene

_____

Full Legal Name (Print)