# EXHIBIT D

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EDWIN SUAREZ, CARLOS RIVAS, ESTER JIRON, DRISS SENE, IMMANUEL THORNTON, and PAULA VILLEGAS, individually and on behalf of all others similarly situated;<br><br>Plaintiffs,<br><br>-against-<br><br>ROSA MEXICANO BRANDS INC.; WEST 62 OPERATING LLC; ROSA MEXICANO USQ LLC; FENIX REST. INC.; ROSA MEXICANO MURRAY LLC; ROSA MEXICANO BOSTON, LLC; ROSA MEXICANO RIVERSIDE LLC; ROSA MEXICANO DC LLC; ROSA MEXICANO CHEVY CHASE MARYLAND LLC; ROSA MEXICANO NATIONAL HARBOR LLC; ROSA MEXICANO ATLANTA LLC; ROSA MEXICANO MIAMI LLC; and ROSA MEXICANO SOUTH BEACH LLC;<br><br>Defendants. | No: 1:16-cv-5464 (RLE) |

**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF
CLASS AND COLLECTIVE ACTION SETTLEMENT**

The above-entitled matter came before the Court on Plaintiffs' Unopposed Motion for Preliminary Approval of Settlement, Conditional Certification of the Settlement Class, Appointment of Plaintiffs' Counsel as Class Counsel, and Approval of Plaintiffs' Proposed Notices of Settlement and Class Action Settlement Procedure ("Motion for Preliminary Approval"). Defendants agreed, for settlement purposes only, not to oppose the motion.

**I.      Preliminary Approval of Settlement**

1.      Based upon the Court's review of Plaintiffs' Memorandum of Law in Support of their Motion for Preliminary Approval, the Declaration of Brian S. Schaffer ("Schaffer Decl."),

1

and all other papers submitted in connection with Plaintiffs' Preliminary Approval Motion, the Court grants preliminary approval of the settlement memorialized in the Joint Stipulation of Settlement and Release ("Settlement Agreement") between named Plaintiffs Edwin Suarez, Carlos Rivas, Ester Jiron, Driss Sene, Immanuel Thornton, and Paula Villegas (collectively with opt-in plaintiffs, "Plaintiffs") and Defendants Rosa Mexicano Brands Inc.; West 62 Operating LLC; Rosa Mexicano USQ LLC; Fenix Rest. Inc.; Rosa Mexicano Murray LLC; Rosa Mexicano Boston, LLC; Rosa Mexicano Riverside LLC; Rosa Mexicano DC LLC; Rosa Mexicano Chevy Chase Maryland LLC; Rosa Mexicano National Harbor LLC; Rosa Mexicano Atlanta LLC; Rosa Mexicano Miami LLC; and Rosa Mexicano South Beach LLC (collectively, "Defendants" or "Rosa Mexicano"), attached to the Schaffer Decl. as **Exhibit A,** and "so orders" all of its terms and definitions.

2. Courts have discretion regarding the approval of a proposed class action settlement. *See, e.g.*, *Hadel v. Gaucho, LLC*, No. 15 Civ. 3706 (RLE), 2016 WL 1060324, at *1 (S.D.N.Y. March 14, 2016) (Ellis, J.); *Flynn v. New York Dolls Gentlemen's Club*, No. 13 CIV. 6530 (PKC) (RLE), 2014 WL 4980380, at *1 (S.D.N.Y. Oct. 6, 2014) (Ellis, J.) (citing *Maywalt v. Parker & Parsley Petroleum Co.*, 67 F.3d 1072, 1079 (2d Cir. 1995)). "In exercising this discretion, courts should give weight to the parties' consensual decision to settle class action cases because they and their counsel are in unique positions to assess potential risks." *Gonqueh v. Leros Point to Point, Inc.*, No. 14-CV-5883 (GHW), 2015 WL 9256932, at *1 (S.D.N.Y. Sept. 2, 2015) (quoting *Yuzary v. HSBC Bank USA, N.A.*, No. 12 Civ. 3693 (PGG), 2013 WL 1832181, at *1 (S.D.N.Y. Apr. 30, 2013)); *see also Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*, 396 F.3d 96, 116 (2d Cir. 2005) (while exercising its discretion, a court should be mindful of the "strong judicial policy in favor of settlements, particularly in the class action context").

3. Preliminary approval, what Plaintiffs seek here, is the first step in the settlement process. The purpose of preliminary approval is to simply allow notice to be issued to the class and for class members to either object to or opt-out of the settlement. After the notice period, the Court will be able to evaluate the settlement with the benefit of the class members' input. *Hadel*, 2016 WL 1060324, at *1; *Flynn*, 2014 WL 4980380, at *1; *see also Sukhnandan v. Royal Health Care of Long Island LLC*, No. 12 Civ. 4216 (WHP) (RLE), 2013 WL 4734818, at *1 (S.D.N.Y. Sept. 3, 2013) (Ellis, J.).

4. Preliminary approval requires only an "initial evaluation" of the fairness of the proposed settlement on the basis of written submissions and an informal presentation by the settling parties. *See, e.g.*, *Hadel*, 2016 WL 1060324, at *1; *Chhab et al. v. Darden Restaurants, Inc. et al.*, No. 11 Civ. 8345 (NRB), 2016 WL 3004511, at *1 (S.D.N.Y. May 20, 2016); *Tiro v. Pub. House Invs., LLC,* Nos. 11 Civ. 7679 (CM) *et al.*, 2013 WL 2254551, at *1 (S.D.N.Y. May 22, 2013). Courts will often grant preliminary settlement approval without requiring a hearing or a court appearance. *See Illoldi et al. v. Koi NY LLC et al.*, No. 15 Civ. 6838 (VEC), 2016 WL 3099372, at *1 (S.D.N.Y. May 31, 2016); *Hadel*, 2016 WL 1060324, at *1; *Gonqueh*, 2015 WL 9256932, at *1; *see also Sukhnandan*, 2013 WL 4734818, at *1 (granting preliminary approval based on the plaintiffs' memorandum of law, attorney declaration, and exhibits). "The preliminary determination of fairness 'is at most a determination that there is what might be termed 'probable cause' to submit the proposal to class members and hold a full-scale hearing as to its fairness.'" *Long v. HSBC USA Inc.*, No. 14 Civ. 6233 (HBP), 2015 WL 5444651, at *3 (S.D.N.Y. Sept. 11, 2015).

3

5. "If the proposed settlement appears to fall within the range of possible approval, the court should order that the class members receive notice of the settlement." *Gonqueh*, 2015 2015 WL 9256932, at *1 (quoting *Yuzary*, 2013 WL 1832181, at *1).

6. Courts encourage early settlement of class actions, when warranted, because early settlement allows class members to recover without unnecessary delay and allows the judicial system to focus resources elsewhere. *See, e.g., Almonte v. Marina Ice Cream Corp.*, No. 16 Civ. 00660 (GBD), 2016 WL 7217258, at *2 (S.D.N.Y. Dec. 8, 2016); *Illoldi*, 2016 WL 3099372, at *2; *Hadel v. Gaucho, LLC*, 2016 WL 1060324, at *2 (encouraging early settlements where warranted); *Bravo v. Palm W. Corp.*, No. 14 CIV. 9193 (SN), 2015 WL 5826715, at *2 (S.D.N.Y. Sept. 30, 2015); *Long*, 2015 WL 5444651 (granting preliminary approval of a pre-litigation settlement); *Sukhnandan*, 2013 WL 4734818, *1 (stating that early settlements should be encouraged when warranted); *Yuzary*, 2013 WL 1832181, at *2 (endorsing early settlement of wage and hour class action); *Castagna v. Madison Square Garden, L.P.*, No. 09 Civ. 10211 (LTS)(HP), 2011 WL 2208614, at *10 (S.D.N.Y. Jun. 7, 2011) (commending the plaintiffs' attorneys for negotiating early settlement).

7. The Court concludes that the proposed Settlement Agreement falls within the range of reasonableness and, therefore, meets the requirements for preliminary approval such that notice to the Class Members is appropriate.

8. The Court finds that the Settlement Agreement is the result of arms-length negotiations by counsel well-versed in the prosecution of wage and hour class and collective actions.

9. The Court grants Plaintiffs' Preliminary Approval Motion and preliminarily approves of the parties' Settlement Agreement.

10. The Court also grants preliminary approval of the retention of Arden Claim Service to administer the settlement process in accordance with the Settlement Agreement and distribute the Notices of Class and Collective Action Lawsuit Settlement and Fairness Hearing.

## II.      Conditional Certification of the Proposed Rule 23 Settlement Classes

11. Conditional settlement class certification and appointment of class counsel have several practical purposes, including avoiding the costs of litigating class status while facilitating a global settlement, ensuring notification of all class members of the terms of the proposed settlement agreement, and setting the date and time of the final approval hearing. *See In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 790-92 (3d Cir. 1995) (noting practical purposes of provisionally certifying settlement class).

12. For settlement purposes only, the Court provisionally certifies the following class under Fed. R. Civ. P. 23(e) (the "FRCP 23 Class" or "FRCP 23 Class Members"):

> All persons who worked as a "server, server assistant, busser, runner, drink runner, coffee bar employee, cocktail server, bartender, service bartender and/or barback" in any of the Rosa Mexicano Restaurants in: 1) New York at any time during the period from April 7, 2010 through and including May 17, 2017, or 2) in Massachusetts or Maryland at any time during the period from April 7, 2013 through and including May 17, 2017.

13. For settlement purposes only, Plaintiffs meet all of the requirements for class certification under Federal Rule of Civil Procedure 23(a) and (b)(3).

14. Plaintiffs satisfy Federal Rule of Civil Procedure 23(a)(1) because total Class Members are not to exceed approximately 3,500 individuals, and as such, joinder is impracticable. *See Shahriar v. Smith & Wollensky Rest. Grp., Inc.*, 659 F.3d 234, 252 (2d Cir. 2011) (stating that numerosity is presumed at a level of 40 members).

15. Plaintiffs satisfy Federal Rule of Civil Procedure 23(a)(2) because Plaintiffs and FRCP 23 Class Members all bring nearly identical claims arising from Defendants' alleged

5

violations of the Fair Labor Standards Act ("FLSA"), the New York Labor Law ("NYLL"), Massachusetts Wage and Hour Laws ("MA Wage Laws"), and Maryland Wage and Hour Laws ("MD Wage Laws") for failure to pay the appropriate minimum wage, overtime compensation, as well as Defendants misappropriating their tips, and failing to provide proper annual wage notices and wage statements.  As a result, the proposed Class satisfies the commonality requirement.  *See, e.g.*, *Gomez v. Lace Entertainment Inc. et al.*, No. 15 Civ. 3326 (CM), 2017 WL 129130, at *7 (S.D.N.Y. Jan. 6, 2017) (stating that "[c]ourts in this Circuit have routinely found that commonality and typicality is satisfied where, as here, Defendants . . . implement[] a tip share with ineligible employees, and fail[]to ensure that employees receive the minimum wage for all hours"); *Illoldi*, 2016 WL 3099372, at *2 (finding commonality met where "Plaintiff and class members all bring nearly identical claims arising from Defendants' alleged uniform violations of the FLSA and NYLL for failure to pay appropriate minimum wage, overtime pay . . . misappropriating tips . . . and failing to provide proper annual wage notices and wage statements." "); *Hadel*, 2016 WL 1060324, at *2 (same); *Bravo*, 2015 WL 5826715, at *3 (same); *Chhab*, 2016 WL 3004511, at *1 (same).

16.     Plaintiffs satisfy Federal Rule of Civil Procedure 23(a)(3) because Plaintiffs' claims arise from the same factual and legal circumstances that form the basis of the FRCP 23 Class Members' claims.  Defendants' alleged violations of law were the result of the same company policy, pattern, and/or practice of failing to properly compensate Plaintiffs and Class Members in accordance with the FLSA, NYLL, MA Wage Laws, and MD Wage Laws.  Accordingly, Plaintiffs satisfy the typicality requirement.  *See Illoldi*, 2016 WL 3099372, at *3; *Karic*, 2015 WL 9433847, at *5 (E.D.N.Y. Dec. 22, 2015) (finding typicality "[i]rrespective of any differences in the amounts of overtime, wages or maintenance allowances owed"); *Hadel* 2016 WL 1060324, at *3; *Bravo*, 2015 WL 5826715, at *3 (finding typicality where plaintiffs

claim that defendants "failed to properly pay them in accordance with the FLSA and NYLL); *Long*, 2015 WL 5444651, at * 7.

17.     Plaintiffs satisfy Federal Rule of Civil Procedure 23(a)(4) because the named Plaintiffs' interests are not antagonistic or at odds with Class Members' interests. *See Hadel*, 2016 WL 1060324, at *3 ("Plaintiffs satisfy [Rule] 23(a)(4) because there is no evidence that the named [p]laintiff's and [c]lass [m]embers' interests are at odds."); *Karic*, 2015 9433847, at *6; *Bravo*, 2015 WL 5826715, at *3.

18.     In addition, Plaintiffs' Counsel, Fitapelli & Schaffer, LLP ("F&S"), meets Rule 23(a)(4)'s adequacy requirement.  This Court, and other Courts, have found F&S to be "experienced and well-qualified employment lawyers and class action lawyers and have particular expertise in prosecuting and settling wage and hour class actions." *Hadel*, 2016 WL 1060324, at *3; *see, e.g.*, *Almonte*, 2016 WL 7217258, at *3; *Illoldi*, 2016 WL 3099372, at *2; *Chhab*, 2016 WL 3004511, at *3.

19.     Plaintiffs also satisfy Federal Rule of Civil Procedure 23(b)(3). Plaintiffs' and FRCP 23 Class Members' common factual allegations and legal theory – that Defendants violated the FLSA, NYLL, MA Wage Laws, and MD Wage Laws by instituting the policies and practices that made Defendants ineligible to apply the tip credit towards Tipped Workers' wages – predominate over any variations among Class Members. *See Gomez*, 2017 WL 129130, at *9 (stating that minimum wage and tip share issues are "about the most perfect questions for class treatment"); *Illoldi*, 2016 WL 3099372, at *3 (finding predominance in similar tipped employee wage action alleging failure to pay minimum wage and tip misappropriation); *Hadel*, 2016 WL 1060324, at *3 (same); *Bravo,* 2015 WL 5826715, at *3*; Gonqueh*, 2015 WL 9256932, at *3; *Tiro*, 288 F.R.D. at 281 (finding the predominance standard met where the overarching issue was

7

"whether [the] [d]efendants failed to pay their employees at each restaurant in accordance with the law"). In addition, "the class action device is superior to other methods available for a fair and efficient adjudication of the controversy" because the class device will achieve economies of scale, conserve judicial resources, preserve public confidence in the integrity of the judicial system by avoiding the waste and delay of repetitive proceedings, and prevent inconsistent adjudications of similar claims. *See, e.g., Hadel*, 2016 WL 1060324, at *3; *Karic*, 2015 WL 9433847, at *7; *Bravo*, 2015 WL 5826715, at *3; *Gonqueh*, 2015 WL 9256932, at *3; *Sukhnandan*, 2013 WL 4734818, at *3.

### III.    Conditional Certification of the Proposed 29 U.S.C. § 216(b) Settlement Class

20.    In light of the Court's approval of the FRCP 23 Class for the reasons set forth above under the more stringent FRCP 23 approval standards, for settlement purposes only, the Court also provisionally certifies the following class under the less stringent 29 U.S.C. § 216(b) standard (the "FLSA Class" or "FLSA Class Members," and with the FRCP 23 Class and Plaintiffs, the "Class Members") pursuant to the Settlement Agreement. *See Long v. HSBC USA Inc.*, No. 14 Civ. 6233 (HBP), 2015 WL 5444651, at *12 (S.D.N.Y. Sept. 11, 2015):

> All persons who worked as a "server, server assistant, busser, runner, drink runner, coffee bar employee, cocktail server, bartender, service bartender and/or barback" in any Rosa Mexicano Restaurants in: New Jersey, Washington, D.C., Georgia, and Florida at any time during the period from April 7, 2013 through and including May 17, 2017.

### IV.    Appointment of Plaintiffs' Counsel as Class Counsel

21.    For settlement purposes only, the Court appoints F&S as Class Counsel because they meet all of the requirements of Federal Rule of Civil Procedure 23(g).

22.    F&S has a reputation for its willingness to commit the resources required to take on large companies in litigation-intensive lawsuits. *See Almonte*, 2016 WL 7217258, at *4;

8

*Illoldi*, 2016 WL 3099372, at *3; *Hadel*, 2016 WL 1060324 at *3; *Bravo*, 2015 WL 5826715, at *4. F&S did substantial work identifying, investigating, prosecuting and settling the claims, has substantial experience prosecuting and settling wage and hour class actions, is well-versed in wage and hour and class action law, and is well-qualified to represent the interests of the Class. *See, e.g.*, *Almonte*, 2016 WL 7217258, at *4; *Illoldi*, 2016 WL 3099372, at *3; *Hadel*, 2016 WL 1060324, at *3-*4; *Karic*, 2015 WL 9433847, at *7; *Bravo*, 2015 WL 5826715, at *4-*5.

23. F&S is comprised of experienced employment attorneys with a very good reputation among the employment law bar and have years of litigation experience in wage and hour matters in state and federal courts. *See, e.g.*, *Almonte*, 2016 WL 7217258, at *4; *Illoldi*, 2016 WL 3099372, at *3; *Hadel*, 2016 WL 1060324, at *4. As such, this Court, and other Courts, have found F&S to be adequate class counsel in wage and hour class and collective actions. *See, e.g.*, *Hadel*, 2016 WL 1060324, at *3-*4; *Almonte*, 2016 WL 7217258, at *4; *Illoldi*, 2016 WL 3099372, at *3; *Karic*, 2015 WL 9433847, at *7; *Bravo*, 2015 WL 5826715, at *4-*5; *Gonqueh*, 2015 WL 9256932, at *3.

24. Plaintiffs' Counsel's work in litigating and settling this case demonstrates their skill and commitment to representing the class's interests.

**V.   Notice**

25. The Court approves the proposed Notices of Class and Collective Action Lawsuit Settlement and Fairness Hearing ("Notices") attached as **Exhibits B** and **C** to the Schaffer Decl., and directs their distribution to the Class. The Class Notices fully comply with due process and Fed. R. Civ. P. 23.

26. Pursuant to Fed. R. Civ. P. 23(c)(2)(B), a notice must provide:

> The best notice practicable under the circumstances, including individual notice to all members who can be identified through

> reasonable effort. The notice must concisely and clearly state in plain, easily understood language: the nature of the action; the definition of the class certified; the class claims, issues, or defenses; that a class member may enter an appearance through counsel if the member so desires; that the court will exclude from the class any member who requests exclusion, stating when and how members may elect to be excluded; and the binding effect of a class judgment on class members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B).

27. The Class Notices satisfy each of these requirements and adequately put Class Members on notice of the proposed settlement. *See, e.g., Karic*, 2015 WL 1745037, at *11 ("Notice is adequate if it fairly apprises the prospective members . . . of the terms of the proposed settlement and of the options that are open to them in connection with the proceedings."). This Court has previously approved similar Class and Collective Action Settlement Notices. *See Hadel*, 2016 WL 1060324, at *4-*5. Furthermore, Courts in this district have approved class notices that are very similar to those proposed by Plaintiffs. *See, e.g.*, *Illoldi*, 2016 WL 3099372, at *4; *Monzon v. 103W77 Partners, LLC*, Nos. 13 Civ. 5951 (AT) *et al.*, 2014 WL 6480557, at *5 (S.D.N.Y. Oct. 15, 2014) (collecting cases).

## VI. CLASS AND COLLECTIVE ACTION SETTLEMENT PROCEDURE

28. In the event that final approval of the Settlement Agreement does not occur or is deemed null and void, this order and Settlement Agreement shall be deemed null and void and shall have no effect whatsoever with the sole exception of those provisions of the Settlement Agreement pertaining to the effect of failure to obtain final approval.

29. All FLSA Class Member who file a claim form, FRCP 23 Class Members who do not opt-out of the settlement, Opt-in Plaintiffs, and Plaintiffs shall be and are enjoined pursuant to 28 U.S.C. § 1651(a) from initiating or proceeding with any and all suits, actions causes of action, claims, or demands against Releasees in federal or state court or administrative agency

based on putative violations of the FLSA or any state law (including statutory, regulatory, and common law) pertaining to wage and hour claims released in the Settlement Agreement, including any and all claims that have been asserted or could have been asserted in this action. In the event that final approval of the Settlement Agreement does not occur or is deemed null and void, this paragraph shall no longer have any effect.

30. Neither this order, the Settlement Agreement, nor any other document or information relating to the settlement of this action shall be construed or be admissible in any proceeding as evidence: (a) that any group of similarly situated or other employees exists to maintain a collective action under the FLSA, or a class action under FRCP 23, (b) that any party has prevailed in this case, or (c) that Defendants or others have engaged in any wrongdoing.

31. The Court hereby adopts the following settlement procedure:

   a. Within 10 days of the Court's Order granting Preliminary Approval, Defendants will provide F&S and the claims administrator with a list in electronic form of the Class Members': (1) names, (2) last known addresses, (3) location(s) worked, and (4) dates of employment (the "Class List"). Defendants shall also provide a confidential list of the last known social security numbers of the Class members, if available, to the claims administrator.

   b. Within 30 days of the Court's Order granting Preliminary Approval, the claims administrator shall mail, via First Class United States mail, the Notices and Claim Form to all Class Members using each individual's last known address.

   c. Class Members will have 60 days from the date the Class Notices are mailed to return a claim form (the "Claim Form Deadline").

   d. FRCP 23 Class Members will have 60 days from the date the Class Notice is mailed to opt out of the settlement or object to it.

   e. The claims administrator shall send a reminder postcard to all Class Members who have not submitted and returned a Claim Form or opt-out request 30 days before the Claim Form Deadline. The claims administrator shall send a second reminder postcard to all Class Members

11

      who have not submitted and returned a Claim Form or opt-out request 15 days before the Claim Form Deadline.

   f. Plaintiffs will file a Motion for Final Approval at least 14 days prior to the fairness hearing seeking, among other things, the final dismissal with prejudice of this action in its entirety; and

   g. The Court will hold a final fairness hearing on _____ at _____ \_.m., at the United States District Court for the Southern District of New York, 500 Pearl Street, New York, New York, 10007, Courtroom 11C.

It is so ORDERED this \_\_\_ day of _____, 20\_\_\_\_.

_____
Hon. Ronald L. Ellis, United States Magistrate Judge