UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EDWIN SUAREZ, CARLOS RIVAS, ESTER JIRON, DRISS SENE, IMMANUEL THORNTON, and PAULA VILLEGAS, individually and on behalf of all others similarly situated;<br><br>Plaintiffs,<br><br>-against-<br><br>ROSA MEXICANO BRANDS INC.; WEST 62 OPERATING LLC; ROSA MEXICANO USQ LLC; FENIX REST. INC.; ROSA MEXICANO MURRAY LLC; ROSA MEXICANO BOSTON, LLC; ROSA MEXICANO RIVERSIDE LLC; ROSA MEXICANO DC LLC; ROSA MEXICANO CHEVY CHASE MARYLAND LLC; ROSA MEXICANO NATIONAL HARBOR LLC; ROSA MEXICANO ATLANTA LLC; ROSA MEXICANO MIAMI LLC; and ROSA MEXICANO SOUTH BEACH LLC;<br><br>Defendants. | No: 1:16-cv-5464 (GWG) |

## ORDER GRANTING APPROVAL OF NOTICE TO CLASS REGARDING PROPOSED CLASS AND COLLECTIVE ACTION SETTLEMENT

Before the Court is Plaintiffs' Unopposed Motion for Preliminary Approval of Settlement, Conditional Certification of the Settlement Class, Appointment of Plaintiffs' Counsel as Class Counsel, and Approval of Plaintiffs' Proposed Notices of Settlement and Class Action Settlement Procedure ("Motion for Preliminary Approval"). Defendants agreed, for settlement purposes only, not to oppose the motion.

**I.   Preliminary Approval of Settlement**

1.   Based upon the Court's review of Plaintiffs' Memorandum of Law in Support of their Motion for Preliminary Approval, the Declaration of Brian S. Schaffer ("Schaffer Decl."),

1

and all other papers submitted in connection with Plaintiffs' Preliminary Approval Motion, the Court grants preliminary approval of the settlement memorialized in the Joint Stipulation of Settlement and Release ("Settlement Agreement") between named Plaintiffs Edwin Suarez, Carlos Rivas, Ester Jiron, Driss Sene, Immanuel Thornton, and Paula Villegas (collectively with opt-in plaintiffs, "Plaintiffs") and Defendants Rosa Mexicano Brands Inc.; West 62 Operating LLC; Rosa Mexicano USQ LLC; Fenix Rest. Inc.; Rosa Mexicano Murray LLC; Rosa Mexicano Boston, LLC; Rosa Mexicano Riverside LLC; Rosa Mexicano DC LLC; Rosa Mexicano Chevy Chase Maryland LLC; Rosa Mexicano National Harbor LLC; Rosa Mexicano Atlanta LLC; Rosa Mexicano Miami LLC; and Rosa Mexicano South Beach LLC (collectively, "Defendants" or "Rosa Mexicano"), attached to the Schaffer Decl. as Exhibit A, and as modified by the Stipulation Revising Joint Stipulation of Settlement and Release filed on November 9, 2017,

2. The Court has examined the proposed settlement and believes it appropriate to allow notice to be issued to the class and for class members to either object to or opt-out of the settlement. After the notice period, the Court will be able to evaluate the settlement with the benefit of the class members' input.

3. The Court concludes that the proposed Settlement Agreement falls within the range of reasonableness and, therefore, meets the requirements for preliminary approval such that notice to the Class Members is appropriate.

4. The Court also grants preliminary approval of the retention of Arden Claim Service to administer the settlement process in accordance with the Settlement Agreement and distribute the Notices of Class and Collective Action Lawsuit Settlement and Fairness Hearing.

**II.**     **Conditional Certification of the Proposed Rule 23 Settlement Classes**

5.     For settlement purposes only, the Court provisionally certifies the following class under Fed. R. Civ. P. 23(e) (the "FRCP 23 Class" or "FRCP 23 Class Members"):

> All persons who worked as a "server, server assistant, busser, runner, drink runner, coffee bar employee, cocktail server, bartender, service bartender and/or barback" in any of the Rosa Mexicano Restaurants in: 1) New York at any time during the period from April 7, 2010 through and including May 17, 2017, or 2) in Massachusetts or Maryland at any time during the period from April 7, 2013 through and including May 17, 2017.

6.     For settlement purposes only, Plaintiffs meet all of the requirements for class certification under Federal Rule of Civil Procedure 23(a) and (b)(3).

7.     Plaintiffs satisfy Federal Rule of Civil Procedure 23(a)(1) because total Class Members exceed approximately 3,500 individuals, and as such, joinder is impracticable.

8.     Plaintiffs satisfy Federal Rule of Civil Procedure 23(a)(2) because Plaintiffs and FRCP 23 Class Members all bring nearly identical claims arising from Defendants' alleged violations of the Fair Labor Standards Act ("FLSA"), the New York Labor Law ("NYLL"), Massachusetts Wage and Hour Laws ("MA Wage Laws"), and Maryland Wage and Hour Laws ("MD Wage Laws") for failure to pay the appropriate minimum wage, overtime compensation, as well as Defendants misappropriating their tips, and failing to provide proper annual wage notices and wage statements. As a result, the proposed Class satisfies the commonality requirement.

9.     Plaintiffs satisfy Federal Rule of Civil Procedure 23(a)(3) because Plaintiffs' claims arise from the same factual and legal circumstances that form the basis of the FRCP 23 Class Members' claims. Defendants' alleged violations of law were the result of the same company policy, pattern, and/or practice of failing to properly compensate Plaintiffs and Class Members in accordance with the FLSA, NYLL, MA Wage Laws, and MD Wage Laws. Accordingly, Plaintiffs satisfy the typicality requirement.

10. Plaintiffs satisfy Federal Rule of Civil Procedure 23(a)(4) because the named Plaintiffs' interests are not antagonistic or at odds with Class Members' interests.

11. In addition, Plaintiffs' Counsel, Fitapelli & Schaffer, LLP ("F&S"), meets Rule 23(a)(4)'s adequacy requirement.

12. Plaintiffs also satisfy Federal Rule of Civil Procedure 23(b)(3). Plaintiffs' and FRCP 23 Class Members' common factual allegations and legal theory – that Defendants violated the FLSA, NYLL, MA Wage Laws, and MD Wage Laws by instituting the policies and practices that made Defendants ineligible to apply the tip credit towards Tipped Workers' wages – predominate over any variations among Class Members.

### III. Conditional Approval Under 29 U.S.C. § 216(b)

13. In light of the Court's approval of the FRCP 23 Class, for settlement purposes only, the Court also provisionally finds that the following category of individuals is "similarly situated" to the FRCP 23 Class members under 29 U.S.C. § 216(b), and that Named Plaintiffs may maintain this action on behalf of such individuals provided the individuals consent to join this lawsuit:

> All persons who worked as a server, server assistant, busser, runner, drink runner, coffee bar employee, cocktail server, bartender, service bartender and/or barback in any Rosa Mexicano Restaurants in: New Jersey, Washington, D.C., Georgia, and Florida at any time during the period from April 7, 2013 through and including May 17, 2017.

We hereinafter refer to these individuals together with the FRCP 23 Class Members as the "Class Members."

### IV. Appointment of Plaintiffs' Counsel as Class Counsel

14. For settlement purposes only, the Court appoints F&S as Class Counsel because they meet all of the requirements of Federal Rule of Civil Procedure 23(g).

15. F&S did substantial work identifying, investigating, prosecuting and settling the claims, has substantial experience prosecuting and settling wage and hour class actions, is well-

4

ACTIVE\50259864.v2-7/31/17

versed in wage and hour and class action law, and is well-qualified to represent the interests of the Class.

16.     Plaintiffs' Counsel's work in litigating and settling this case demonstrates their skill and commitment to representing the class's interests.

**V.     Notice**

17.     The Court approves the proposed Notices of Class and Collective Action Lawsuit Settlement and Fairness Hearing ("Notices") contained in Docket # 70 as modified by Docket #71. The Class Notices fully comply with due process and Fed. R. Civ. P. 23.

18.     Pursuant to Fed. R. Civ. P. 23(c)(2)(B), a notice must provide:

> The best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice must concisely and clearly state in plain, easily understood language: the nature of the action; the definition of the class certified; the class claims, issues, or defenses; that a class member may enter an appearance through counsel if the member so desires; that the court will exclude from the class any member who requests exclusion, stating when and how members may elect to be excluded; and the binding effect of a class judgment on class members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B).

19.     The Class Notices satisfy each of these requirements and adequately put Class Members on notice of the proposed settlement.

**VI.    Class and Collective Action Settlement Procedure**

20.     In the event that final approval of the Settlement Agreement does not occur or is deemed null and void, this Order and the Settlement Agreement shall be deemed null and void and shall have no effect whatsoever with the sole exception of those provisions of the Settlement Agreement pertaining to the effect of failure to obtain final approval.

21. Neither this Order, the Settlement Agreement, nor any other document or information relating to the settlement of this action shall be construed as evidence: (a) that any group of similarly situated or other employees exists to maintain a collective action under the FLSA, or a class action under FRCP 23, (b) that any party has prevailed in this case, or (c) that Defendants or others have engaged in any wrongdoing.

22. The Court hereby adopts the following settlement procedure:

   a. Within 10 days of the Court's Order granting Preliminary Approval, Defendants will provide F&S and the claims administrator with a list in electronic form of the Class Members': (1) names, (2) last known addresses, (3) location(s) worked, and (4) dates of employment (the "Class List"). Defendants shall also provide a confidential list of the last known social security numbers of the Class members, if available, to the claims administrator.

   b. Within 30 days of the Court's Order granting Preliminary Approval, the claims administrator shall mail, via First Class United States mail, the Notices and Claim Form to all Class Members using each individual's last known address.

   c. Class Members will have 60 days from the date the Class Notices are mailed to return a claim form (the "Claim Form Deadline").

   d. FRCP 23 Class Members will have 60 days from the date the Class Notice is mailed to opt out of the settlement or object to it.

   e. The claims administrator shall send a reminder postcard to all Class Members who have not submitted and returned a Claim Form or opt-out request 30 days before the Claim Form Deadline. The claims administrator shall send a second reminder postcard to all Class Members who have not submitted and returned a Claim Form or opt-out request 15 days before the Claim Form Deadline.

   f. Plaintiffs will file a motion for approval of the settlement on or before March 12, 2018; and

   g. The Court will hold a final fairness hearing on <u>March 26, 2018, at 4:00 p.m.</u> in Courtroom 6-B, United States District Court for the Southern District of New York, 500 Pearl Street, New York, New York, 10007.

It is so ORDERED this 15th day of November, 2017.

_____
Hon. Gabriel W. Gorenstein, United States Magistrate Judge