UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EDWIN SUAREZ, CARLOS RIVAS, ESTER JIRON, DRISS SENE, IMMANUEL THORNTON, and PAULA VILLEGAS, individually and on behalf of all others similarly situated;<br><br>Plaintiffs,<br><br>-against-<br><br>ROSA MEXICANO BRANDS INC.; WEST 62 OPERATING LLC; ROSA MEXICANO USQ LLC; FENIX REST. INC.; ROSA MEXICANO MURRAY LLC; ROSA MEXICANO BOSTON, LLC; ROSA MEXICANO RIVERSIDE LLC; ROSA MEXICANO DC LLC; ROSA MEXICANO CHEVY CHASE MARYLAND LLC; ROSA MEXICANO NATIONAL HARBOR LLC; ROSA MEXICANO ATLANTA LLC; ROSA MEXICANO MIAMI LLC; and ROSA MEXICANO SOUTH BEACH LLC;<br><br>Defendants. | No: 1:16-cv-5464 (GWG)<br><br>USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #: _____<br>DATE FILED: 4/13/18 |

[~~PROPOSED~~] ORDER GRANTING
PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

Having considered Plaintiffs' Motion for Final Approval of Class Action Settlement, the supporting memorandum of law and the Declaration of Brian S. Schaffer and exhibits thereto, the oral arguments presented at the April 12, 2018 Fairness Hearing, and the complete record in this matter, for the reasons set forth therein and stated on the record at the Fairness Hearing and for good cause shown,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED, THAT:**

1. This Order incorporates by reference the definitions in the parties' Joint

Stipulation of Settlement and Release (the "Settlement Agreement") dated August 4, 2017.

2. This Court approves the settlement and all terms set forth in the Settlement Agreement and finds that the settlement is, in all respects, fair, reasonable, adequate, and not a product of collusion. *See* Fed. R. Civ. P. 23(e); *Sanchez v. JMP Ventures, LLC*, No. 13 Civ. 7264 (GWG), 2015 WL 539506 (S.D.N.Y. Nov. 13, 2015).

3. The Court finds that the following FLSA class satisfies the requirements to be maintained as a settlement collective action under 29 U.S.C. § 216(b), and that these individuals constitute the final FLSA Settlement Class for settlement purposes only:

> All persons who were employed as a server, server assistant, busser, runner, drink runner, coffee bar employee, cocktail server, bartender, service bartender and/or barback in any Rosa Mexicano restaurant in New Jersey, Washington, D.C., Georgia, and Florida at any time during the period from April 7, 2013 through and including May 17, 2017.

4. The Court also certifies the following classes under Fed. R. Civ. P. 23(e) (the "Classes") for settlement purposes:

> All persons who were employed as a server, server assistant, busser, runner, drink runner, coffee bar employee, cocktail server, bartender, service bartender and/or barback in any Rosa Mexicano restaurants in: 1) New York at any time during the time period from April 7, 2010 through and including May 17, 2017, or 2) in Massachusetts or Maryland at any time during the period from April 7, 2013 through and including May 17, 2017.

5. For the purposes of settlement, the Court finds that the Classes meet the requirements for class certification under Fed. R. Civ. P. 23(a) and (b)(3).

6. In addition, Plaintiffs' counsel meets the adequacy requirement of Rule 23(a)(4) and the Court certifies Plaintiffs' counsel as Class Counsel, and the named Plaintiffs as the Class Representatives.

7.      The Court finds reasonable the service awards for the named Plaintiffs in the following amounts: Edwin Suarez ($10,000), Carlos Rivas ($10,000), Ester Jiron ($10,000), Driss Sene ($10,000), Immanuel Thornton ($2,500), and Paula Villegas ($7,500). These service awards are given in recognition of the services the named Plaintiffs rendered on behalf of the Class Members. The amount shall be paid from the settlement fund.

8.      The Court grants Class Counsel's request for attorneys' fees and costs in the amount of $1,200,000, which is 33.3% of the settlement. The fee award is justified by the work that Class Counsel did negotiating the settlement and conducting the litigation, the ultimate recovery, and the risk that Class Counsel undertook in bringing the claims.

9.      If no party seeks reconsideration or rehearing of this Order, the "Effective Date" of the settlement will be 30 days after the Order is entered.

10.     If rehearing or reconsideration of this Order is sought, the "Effective Date" of the Settlement will be after any and all avenues of rehearing or reconsideration is permitted, and the time for seeking such review has expired, and the rulings on the service award and attorneys' fees and reasonable costs have not been modified, amended or reversed in any way.

11.     Within thirty (30) days after the Effective Date, Defendants will deposit funds sufficient to pay all Class Members' claims, any Court-approved service payments, any Court-awarded attorneys' fees and expenses, and any payment to the claims administrator.

12.     The claims administrator will disburse settlement checks to Class Members, Court-approved attorneys' fees and expenses, and the Court-approved service award within thirty-five (35) days after the Effective Date.

13.     The Court will retain jurisdiction over the interpretation and implementation of the Settlement Agreement.

14. The parties shall abide by all terms of the Settlement Agreement.

It is so ORDERED this 13th day of April, 2018.

_____
Hon. Gabriel W. Gorenstein, United States Magistrate Judge